Dear Mr. Roux:
You have requested an opinion from this office concerning Senate Bill 484. Portions of your opinion request deal with parts of the bill that were ultimately deleted prior to passage. I will not address those issues. However, you indicated that you would still want this office to address whether the legislation that was passed is in violation of the Community Service Block Grant Act, hereinafter referred to as CSBG Act. 42 U.S.C. § 9901
et seq. The legislation that began as SB 484, now Act No. 1111, states:
Section 1. R.S. 23:67 is hereby enacted to read as follows:
§ 67. Community action agencies in certain parishes
 A. As used in this Section, "committee" means a committee composed of the legislative delegation of each parish served by a community action agency.
 B. Notwithstanding any provision of law or any rule or regulation to the contrary, on or after August 1, 1992, the governing board of each community action agency designated under the federal Economic Opportunity Act of 1964 serving the parish of Ascension, East Feliciana, Livingston, Orleans, St. Helena, Tangipahoa, or Washington, or any combination of these parishes, shall consist of from fifteen to thirty-one members who are selected in the following manner:
 (1) One third of the members shall be elected public officials, currently holding office, or their representatives, selected by the committee. If the number of elected officials reasonably available and willing to serve is less than one-third of the board membership, appointive public officials may be selected by the committee to meet the one-third requirement.
 (2) One third of the members shall be persons chosen in accordance with democratic selection procedures devised by the committee which are adequate to assure that such members are representatives of the poor in the area served.
 (3) One third of the members shall be officials or members of business, industry, labor, religious, welfare, education, or other major groups and interests in the community selected by the committee.
 C. The terms of the elected public officials shall coincide with the term of their elected office. The terms of all other board members shall be no more than five years. No board members shall serve more than two consecutive terms. There shall be one inactive year before a member can be re-elected or re-selected to the board.
 D. The provisions of this Section shall be deemed program requirements established by the state for the purposes of the federal Community Services Block Grant Program, 42 U.S.C. § 9901 et seq., as it relates to the designation of a community action agency as an "eligible entity".
The above act duplicates, for the most part, the provisions of42 U.S.C. § 9904(c)(3) which states:
 (c) Certifications required. As part of the annual application required by subsection (a), the chief executive officer of each State shall certify that the State agrees to — (3) provide assurances that, in the case of a community action agency or nonprofit private organization, each board will be constituted so as to assure that (A) one-third of the members of the board are elected public officials, currently holding office, or their representatives, except that if the number of elected officials reasonably available and willing to serve is less than one-third of the membership of the board, membership on the board of appointive public officials may be counted in meeting such one-third requirement; (B) at least one-third of the members are persons chosen in accordance with democratic selection procedures adequate to assure that they are representative of the poor in the area served; and (C) the remainder of the members are officials or members of business, industry, labor, religious, welfare, education, or other major groups and interests in the community;
The Louisiana act merely reiterates the provisions of federal law concerning the composition of the boards of a community action agency, hereinafter referred to as CAA. However, the act specifies a selection procedure for board members where federal law is silent. The act provides that a committee composed of the legislative delegation of the parishes named shall select the one third public board membership, the one third membership representing private groups and shall devise a democratic selection process to choose the one third membership composed of representatives of the poor in the area served. The above selection method does not appear to violate any provision of federal law.
The CSBG Act requires that certain CAA's that have received funding continue to receive it in the absence of a hearing and a showing of cause. 42 U.S.C. § 9902, 9904(c)(2)(A),9904(c)(3) and 9904(c)(11). However, the Louisiana act does not terminate funding for any CAA. Previously funded agencies will continue to receive funds. The act does establish a selection procedure that may lead to a change in the composition of the boards directing the agencies. However, the selection procedure does not amount to a termination of funds to a previously funded CAA and consequently does not appear to violate the CSBG Act. Conecuh-Monroe Community Action Agency v. Bowen, 852 F.2d 581
(D.C. Cir. 1988). I trust the above answers your question. Feel free to call if you wish to discuss the above.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:vrr